WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 06-1242 TUC-DCB |
| Plaintiff, | CV 09-0229 TUC-DCB |
| v. | |
| Ernesto Clemento Romero, | **ORDER** |
| Defendant. | |

Pending before this Court is the "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255" (Petition) filed by Petitioner, Ernesto Clemento Romero. Petitioner argues he was ineffectively represented by counsel. The Court denies the Petition because the Petitioner has failed to establish that his counsel was ineffective or that he was prejudiced by the alleged ineffectiveness.

## BACKGROUND

On December 6, 2006, the Defendant was convicted after a jury trial before this Court of unlawfully transporting firearms and possession of a firearm by a convicted felon. On October 1, 2007, the Court sentenced the Defendant to a term of 52 months in prison, pursuant to a presentence report classifying Defendant's base offense level at 20, plus 2 points because the gun was stolen, with a sentencing range (at a Criminal History Category II) of 46 to 57 months.

On April 21, 2009, the Defendant filed the habeas motion on grounds that his conviction and sentence violated the Sixth Amendment of the United States Constitution because he had ineffective representation of counsel. Construed most favorably for Defendant, his habeas argument is that his attorney said he faced a maximum sentence of two years, if convicted and, therefore, advised him to reject the plea offer by the Government.

## PROCEDURE

Pursuant to 28 U.S.C. § 2255, a petition for writ of habeas corpus should be presented to the court which imposed the allegedly improper sentence. 28 U.S.C. § 2255. According to Rule 4(a) of the Rules Governing Section 2255 Proceedings, the petition *shall* be directed to the judge who sentenced the petitioner. Therefore, this Court considers the merits of the Petition.

The customary procedure for raising allegations of ineffective assistance of counsel is by collateral attack pursuant to 28 U.S.C. § 2255. *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991) (*citing United States v. Regald*, 889 F.2d 836, 859 (9th Cir. 1989)). This allows the district judge, in the first instance, to decide whether the claim has merit, and second it develops the record as to "what counsel did, why it was done, and what, if any, prejudice resulted." *Id.* (*citing United States v. Pope*, 841 F.2d 954, 958 (9th Cir. 1988)).

When a § 2255 motion is made, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon." 28 U.S.C. § 2255. The standard is whether the Petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied,* 451 U.S. 938 (1981). A hearing must be granted unless the Petitioner's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or

patently frivolous as to warrant summary dismissal. *Blackledge v. Allison,* 431 U.S. 63, 76 (1977); *Baumann v. United States,* 692 F.2d 565, 571, 581 (9th Cir.1982).

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court enunciated the standards for judging a criminal defendant's contention that the Constitution requires a conviction to be set aside because counsel's assistance at trial was ineffective in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* at 688-90. Second, the defendant must affirmatively prove prejudice. *Id.* at 691-92. He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

In other words, to prevail on a claim of ineffective assistance, the Petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. *Strickland*, 466 U.S. at 688. The Petition may be dismissed without a hearing if the Defendant fails to satisfy either prong of *Strickland* test. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1985).

When applied to the plea process, the first inquiry is whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002). There is a strong presumption that counsel's conduct falls within what is considered a wide range for reasonable professional assistance which under the circumstances might be considered sound trial strategy.

1 *United States v. Span,* 75 F.3d 1383, 1387 (9th Cir. 1996). The question is whether some
2 reasonable lawyer could have acted in the circumstances as defense counsel acted.
3 *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir.), *rev'd on other grounds*, 525 U.S.
4 141 (1998). The second inquiry focuses on whether counsel's constitutionally ineffective
5 performance affected the outcome of the plea process. *Turner*, 281 F.3d at 879. In other
6 words to satisfy the prejudice prong, the Defendant must show that, but for counsel's
7 errors, he would have pleaded guilty and would not have insisted on going to trial. *Id.*
8 Here, the Petition fails on both prongs of the test for ineffective assistance of counsel.

## DISCUSSION

The Defendant complains that the advice his attorney gave him that he if he were convicted his sentence would be no more than 24 months was wrong because the sentencing range was really 46 to 57 months.

This advice was given prior to trial, prior to discovery, and prior to the presentence report. The advice was given for the purpose of deciding whether to accept a plea offer that would have allowed him to plead guilty and receive a 24-30 month sentence. It was given again in response to a subsequent offer that would have allowed him to plead guilty and receive a 12 to 24-month sentence.

The plea offers reflect that the Government's case against the Defendant was weak, especially after forensic evidence failed to show Defendant's fingerprints on the gun. The Defendant admits his decision to not plead guilty was based on his attorney's opinion that the Government would not be able to prove its case against him. Defendant reports that in terms of the second plea offer, his attorney asked him, how much time he was willing to do, to which he responded, "If they can't convict me, then why should I plead to any time?" (Motion to Vacate, Ex. 1; Romero Affid. at ¶ 12.) The Defendant alleges his attorney's advice was that "there was no way a jury could find [him] guilty under the circumstances of the case." *Id.* at ¶ 10.) The Defendant alleges his attorney

4

repeatedly advised him that his base offense level was 14, and he was "not looking at any more than 24 months in prison if convicted at trial." The Defendant alleges his attorney told him he was facing "approximately 24 months in prison as a maximum sentence," *id.* at 7, and "never once advised [] that [he] would be facing a prison sentence of 46 to 57 months in prison," *id.* at 17.

The Defendant's attorney's advice did not account for the prior conviction being a crime of violence. This factor raised the base offense level from 14 to 20. (Presentence Report (PSR) at ¶ 13.) Additionally, he failed to consider that the gun was stolen. Both of these factors are sentencing enhancements, which may be, but often are not known by the Government at the time the parties engage in plea negotiations. The plea offers from the Government suggest that it did not know of either of these factors at the time they offered the plea. The Defendant does not allege these factors were negotiated as part of the plea agreement, and more important, he does not allege that he made these facts known to his attorney. If these sentencing factors were unknown to Defendant's attorney at the time the plea was being negotiated there was no ineffective assistance of counsel.

Even if the Court assumes, these facts were known, and Defendant's attorney mistakenly advised the Defendant that his base offense level was 14 instead of 20, and failed to consider that the gun was stolen, the attorney's advise to go to trial was not ineffective because it was not clearly in Defendant's best interests to accept the offers. *United States v. Leonti*, 326 F.3d 111, 1117 (9th Cir. 2003) (citing *Boria v. Ikeane*, 99F.3d 492, 497 (2nd Cir. 1996), *see also* (Response at 7-10, n. 2.) As the Defendant noted, "If they [couldn't] convict [him], then why should [he] plead to any time?" The Court finds, the Defendant fails to show that but for the erroneous advice regarding the sentence he faced if convicted, he would have pled guilty.

Additionally, an inaccurate prediction of a sentence does not render counsel's performance deficient, unless the mistake constitutes a "gross mischaracterization of the

likely outcome." *United States v. Nguyen*, 997 F. Supp. 1281, 1289 (C.D. Calif. 1998) (quoting *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). The appropriate comparison is "between the predicted outcome and the actual (not potential) outcome." *Id.* Here, the difference was 28 months, which is simply not the same as predicting probation instead of a life sentence, *Iaea*, 800 F.2d at 865, or three months in prison instead of ten years, *Chacon v. Wood*, 36 F.3d 1459, 1464-65 (9th Cir. 1994). (Response at 6) (further citations omitted). The 28-month mistake between a 24-month and a 52-month sentence was not a gross mischaracterization of the likely outcome.

The Court finds the Petition fails because Defendant has not satisfied either prong of the *Strickland* test to afford him habeas relief. His attorney's advice was within the range of competence demanded of attorneys in criminal cases. More important, Defendant fails to satisfy the prejudice prong. He cannot show that but for counsel's errors, he would have pleaded guilty in this case, which he admittedly had a good chance of winning at trial because the Government's case was weak. The record conclusively reflects the Defendant is not entitled to any relief and, therefore, there is no basis for a hearing.

**Accordingly,**

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Pursuant to 28 U.S.C. § 2255 (Document 96) filed in CR 06-1242 TUC DCB and (Document 1) filed in CV 09-229 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that civil case number CV 09-229 TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED this 5th day of January, 2010.

David C. Bury
United States District Judge